UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|   |   |
|---|---|
| JEFFREY A. DICKERSON<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>　　　　　Defendants. | 3:16-cv-00375-RCJ-VPC<br><br>**ORDER** |

This case arises out of a residential foreclosure. Pending before the Court are a Motion to Remand (ECF No. 6) and a Motion to Dismiss (ECF No. 12).

## I.　FACTS AND PROCEDURAL HISTORY

Plaintiff Jeffrey Dickerson[1] owns real property at 60 Gazelle, Reno, NV, 89511 ("the Property"). (Compl. ¶ 1, ECF No. 1-1). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the servicer of a mortgage on the Property, Defendant Wilmington Trust National, N.A. ("WTN") or Defendant Wilmington Trust Co. ("WTC") was the trustee of the mortgage, Defendant Quality Loan Service Corp. ("QLS") is the substitute trustee, and Defendant McCarthy & Holthus LLP ("M&H") is a representative of Defendants. (*Id.* ¶¶ 3–6). Wells Fargo and QLS scheduled a foreclosure sale of the Property for June 8, 2016. (*Id.* ¶ 7).

---

1 Plaintiff is proceeding *in pro se* but is a member of the Nevada State Bar whose license is currently suspended for various ethical violations.

Plaintiff sued Defendants in Nevada state court for "breach of contract, fraud and defective foreclosure: dual tracking" based on allegations that Wells Fargo and QLS had breached a stipulation to dismiss Plaintiff's petition for judicial review from the Nevada Foreclosure Mediation Program by failing to consider Plaintiff's application for a loan modification. (*See id.* 2–3).  Plaintiff alleges in the alternative that Defendants fraudulently misrepresented their authority to consider a loan modification. (*See id.* 3).  Defendants removed. Plaintiff has moved to remand based on lack of complete diversity, and Defendants have moved to dismiss.

## II.    LEGAL STANDARDS

### A.    Remand

Federal courts are of limited jurisdiction, possessing only those powers granted by the Constitution or statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).  Section 1332(a) of Title 28 creates original jurisdiction in the district courts between citizens of different states where the matter in controversy exceeds the value of $75,000. 28 U.S.C. § 1332(a).  Although Article III of the U.S. Constitution permits Congress to create federal jurisdiction where there is minimal diversity, i.e., where any plaintiff is diverse from any defendant, *State Farm Fire & Cas. Co. v. Tashire*, 386, U.S. 523, 530–31 (1967), § 1332 requires complete diversity, i .e., every plaintiff must be diverse from every defendant, *see Lincoln Prop Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtis*, 7 U.S. 267 (1806)).

Where a removing defendant argues that another defendant has been joined in bad faith for the purpose of defeating diversity jurisdiction, i.e., "fraudulent joinder," a court does not take the allegations of citizenship in the complaint as true but permits the removing defendant(s) to

present facts showing fraudulent joinder. *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted; alteration in original).

### B. Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

### III. ANALYSIS

#### A. Remand

Plaintiff, a Nevada resident, argues that there is not complete diversity due to the presence of M&H. Plaintiff identifies M&H as "McCarthy & Holthus, LLP" but also refers to it as a "limited liability company." If M&H is a partnership, the citizenships of each of its partners determines it citizenship, and if it is a limited liability company, the citizenships of its members determines it citizenship. Plaintiff has not alleged the citizenship of M&H (or any party) in the Complaint. The public records indicate that M&H is a California limited liability partnership with at least one partner located in Las Vegas, Nevada. It therefore appears that there is no diversity between Plaintiff and M&H if the latter party has been properly joined. Defendants are correct, however, that Plaintiff has made no allegations of wrongdoing against M&H in the Complaint. Plaintiff alleges only that M&H represented Wells Fargo in the state district court, not that M&H had anything to do with Wells Fargo's alleged later breach of the agreement the parties stipulated to in that court. Also, there is no proof of service in the record as to any party but Wells Fargo more than 90 days after removal and more than 120 days after filing the Complaint in state court. The Court will not dismiss under Rule 4(m) at this time, but the fact that M&H appears not to have been served (despite the fact that it is a law firm that previously represented a party against Plaintiff and should therefore be a simple entity to locate and serve) is a strong indicator of bad faith joinder. The Court will therefore discount M&H's citizenship.

#### B. Dismissal

The Court finds that Plaintiff has sufficiently alleged a breach of contract against Wells Fargo and QLS but has not sufficiently alleged any other claim against any Defendant. As to breach of contract, Plaintiff alleges that Wells Fargo and QLS entered into an agreement to consider loan modification and then foreclosed without doing so. (Compl. ¶¶ 19–20). Wells

Fargo argues that the stipulation and order Plaintiff relies on for this contention does not show what he claims it does. If Wells Fargo believes Plaintiff has filed the Complaint and/or opposition to the motion to dismiss in bad faith, it may make an appropriate motion for sanctions, but the Court will not examine the evidence at the pleading stage. Next, Plaintiff does not plead fraud (in the alternative) with particularity as required under Rule 9(b) and does not identify any other statutes potentially implicated (and the Court will not guess at which statutes he means to invoke).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED IN PART and DENIED IN PART, with leave to amend. All claims are dismissed except the claim for breach of contract against Wells Fargo and QLS. Plaintiff may amend the other claims within fourteen (14) days of the entry of this Order into the electronic docket. All Defendants except Wells Fargo and QLS are dismissed.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 19), the Motion to Stay (ECF No. 28), and the Motion to File a Surresponse (ECF No. 29) are DENIED as moot.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge