UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEFFREY A. DICKERSON

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.

3:16-cv-00375-RCJ-VPC

**ORDER**

This case arises out of a residential foreclosure. Plaintiff Jeffrey Dickerson[1] owns real property at 60 Gazelle, Reno, NV, 89511 ("the Property"). (Am. Compl. ¶ 1, ECF No. 38). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the servicer of a mortgage on the Property, Defendant Wilmington Trust National, N.A. ("WTN") or Defendant Wilmington Trust Co. ("WTC") was the trustee of the mortgage, Defendant Quality Loan Service Corp. ("QLS") is the substitute trustee, and Defendant McCarthy & Holthus LLP ("M&H") is a representative of Defendants. (*Id.* ¶¶ 3–6). Wells Fargo and QLS scheduled and thrice rescheduled a foreclosure sale of the Property, the latest sale date being January 18, 2017. (*Id.* ¶ 7).

Plaintiff sued Defendants in Nevada state court for "breach of contract, fraud and defective foreclosure: dual tracking" based on allegations that Wells Fargo and QLS had

---

[1] Plaintiff is proceeding *in pro se* but is a member of the Nevada State Bar whose license is currently suspended.

breached a stipulation to dismiss Plaintiff's petition for judicial review from the Nevada Foreclosure Mediation Program by failing to consider Plaintiff's application for a loan modification. Plaintiff alleged in the alternative that Defendants fraudulently misrepresented their authority to consider a loan modification. Defendants removed. Plaintiff moved to remand based on lack of complete diversity, and Defendants moved to dismiss. The Court denied the motion to remand and granted the motion to dismiss in part, dismissing all claims except the claim for breach of contract against Wells Fargo and QLS, and giving leave to amend as to the remainder of the claims. Plaintiff filed the Amended Complaint ("AC"), expanding the allegations but omitting all Defendants except Wells Fargo. Wells Fargo has moved to dismiss the AC in part.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.  ANALYSIS**

The Complaint listed a single cause of action for "breach of contract, fraud and defective foreclosure: dual tracking." The Court ruled that Plaintiff had sufficiently pled a breach of contract against Wells Fargo but had not sufficiently pled any other claim against any other Defendant. Specifically, Plaintiff had not pled fraud with particularity and had not identified which foreclosure statute(s) he wished to invoke. The AC lists three claims: (1) breach of contract; (2) "dual tracking" under Nevada Revised Statutes section ("NRS") 107.530(2); and (3) false promise. Wells Fargo has moved to dismiss the second and third claims.

First, Wells Fargo notes that Plaintiff has added no substantive allegations to his "dual tracking" claim. The problem with the previous pleading, however, was that Plaintiff had not identified any cause of action under which he meant to sue, and the Court refused to guess at what section of the NRS he meant to invoke via the phrase "dual tracking." The Court had no law against which to compare the factual allegations under Rule 8(a), so it can have made no ruling as to whether those allegations were sufficient. Plaintiff has now identified NRS 107.530(2) as the basis for his "dual tracking" claim. That statute provides:

> Not later than 30 calendar days after the borrower submits a complete application for a foreclosure prevention alternative, the mortgage servicer shall submit to the borrower a written offer for a foreclosure prevention alternative or the written statement of the denial of the application described in subsection 4. The borrower must accept or reject the offer within 14 calendar days after the borrower receives the offer. If a borrower does not accept a written offer for a foreclosure prevention alternative within 14 calendar days after the borrower receives the offer for the foreclosure prevention alternative, the offer is deemed to be rejected.

Nev. Rev. Stat. § 107.530(2). Injunctive relief is available for a violation if no trustee's deed upon sale has been recorded. *Id.* at § 107.560(1). The public records of which the Court may take judicial notice indicate a trustee's deed was recorded on February 1, 2017 based on a foreclosure sale of January 18, 2017. Injunctive relief is therefore moot. An action for damages remains available, however, *see id.* at § 107.560(2), and Plaintiff has sufficiently alleged a violation of NRS 107.530(2). He has alleged that he submitted "the necessary and requested documentation" no later than March 14, 2016 and that Wells Fargo had not responded as of the date of the AC, i.e., December 27, 2016. (Am. Compl. ¶¶ 11–12 & n.1). Wells Fargo was bound by the statute to provide either a written offer of foreclosure prevention or a written denial of the application no later than April 13, 2016. *See* Nev. Rev. Stat. § 107.530(2). The Court will not dismiss this claim on the pleadings.

Second, Wells Fargo argues that Plaintiff has not stated a fraud claim under either Rule 8(a) or Rule 9(b). The Court agrees that no fraud claim is stated under Rule 8(a), so it need not address Rule 9(b). Plaintiff alleges Wells Fargo had no intention of considering Plaintiff's modification application when it stipulated to consider it in the state district court. In Nevada, the failure to fulfill a promise to perform in the future may give rise to a fraud claim if the promisor "had no intention to perform at the time the promise was made." *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). The copy of the dismissal order attached to the present motion does not tend to show that Wells Fargo made such an agreement, however.[2] The parties stipulated that the petition for judicial review was untimely. Accordingly, the state district court had no jurisdiction to do anything but dismiss for lack of subject matter jurisdiction, without

---

[2] The Court may take judicial notice of the state court order without converting the present motion into a motion for summary judgment. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2015) (citing Fed. R. Evid. 201(b),(c); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (collecting cases)).

ruling on the merits, because the 30-day limitation period for judicial review of foreclosure mediation proceedings (like limitation periods for judicial review of administrative decisions in Nevada generally) is jurisdictional. *See Nationstar Mortg. v. Rodriguez*, 375 P.3d 1027, 1028–30 (Nev. 2016) (citing *Washoe Cnty. v. Otto*, 282 P.3d 719, 725 (Nev. 2012)). And even if the state district court had had jurisdiction, the dismissal order does not purport to require Wells Fargo to consider any application. It notes that the foreclosure could proceed and requires Plaintiff to use his best efforts to apply for a loan modification without commenting on Wells Fargo's alleged duty to consider it. It remains possible, of course, that Wells Fargo made such a promise via some other communication. But the only promise Plaintiff alleges is via the stipulation in the dismissal order, (*see* Am. Compl. ¶ 9–10), which contains no promise by Wells Fargo to consider a loan modification and as to which the state district court had no jurisdiction to impose conditions of dismissal even if it had so intended. The Court therefore dismisses this claim, this time without leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 46) is GRANTED IN PART and DENIED IN PART. The fraud claim is dismissed.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge